**MCELROY, DEUTSCH, MULVANEY**
**  & CARPENTER, LLP**
Michael R. Morano, Esq.
Rory M. Farrell, Esq.
225 Liberty Street
36th Floor
New York, NY 10281
*Attorneys for Plaintiff,*
*The Morganti Group, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE MORGANTI GROUP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 22-9773 |
| | ) | |
| K-FOUR CONSTRUCTION CORP., | ) | |
| KEVIN JOYCE and JAZMINE TIRADO | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, The Morganti Group, Inc. ("Morganti"), as its Complaint against K-Four Construction Corp. ("K-Four"), Kevin Joyce ("Joyce"), and Jazmine Tirado ("Tirado"), alleges as follows:

## NATURE OF PROCEEDINGS

1.      This is an action arising out of K-Four's failure and refusal to pay union benefit contributions due and owing pursuant it its collective bargaining agreement with its trade union and its false and fraudulent statements to Morganti, which induced Morganti to issue millions of dollars of payments to K-Four on five public construction projects in the State of New York.

1

## PARTIES

2.      Morganti is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business in Danbury, Connecticut.  Morganti is engaged in the business of providing general contracting and construction management services, including in the State of New York.

3.      K-Four is a corporation organized and existing under the laws of the State of New York with a principal place of business in Hartsdale, New York.  K-Four is engaged in the business of providing labor and other services to the construction industry, primarily as a subcontractor in New York.

4.      Kevin Joyce is an individual who resides in Yonkers, New York who at all relevant times served as the President of K-Four.

5.      Jazmine Tirado is an individual who resides in New York, New York who at all relevant times served as the Chief Financial Officer of K-Four.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

7.      This Court has personal jurisdiction over K-Four, Joyce, and Tirado because this cause of action arises out of their contacts with the State of New York as more fully described herein.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because K-Four, Joyce, and Tirado each reside in the Southern District of New York.

## FACTUAL BACKGROUND

9.      On or about December 20, 2018, Morganti, as contractor, and the Port Authority of New York and New Jersey (the "Port Authority"), as owner, entered into a construction contract for performance of certain specified work on the construction project known as "JFK Airport Jamaica Station" (hereinafter, the "JFK Project").

10.     On or about December 20, 2018, Morganti, as contractor, and the Port Authority, as owner, entered into a construction contract for performance of certain specified work on the construction project known as "Newark Airport Priority Improvements" (hereinafter, the "Newark Airport Project").

11.     On or about July 6, 2018, Morganti, as contractor, and the New York City School Construction Authority (the "SCA"), as owner, entered into a construction contract for the construction of a public school known as P.S. 127 in Brooklyn, New York (hereinafter, the "P.S. 127 Project").

12.     On or about May 31, 2019, Morganti, as contractor, and the SCA, as owner, entered into a construction contract for the construction of a public school known as I.S.H.S. 86 in Staten Island, New York (hereinafter, the "I.S.H.S. Project").

13.     On or about April 8, 2019, Morganti, as contractor, and the SCA, as owner, entered into a construction contract for the construction of a public school known as P.S. 730 in Brooklyn, New York (hereinafter, the "P.S. 730 Project").

14.     In connection with the JFK Project, Newark Airport Project, P.S. 127 Project, I.S.H.S. Project, and P.S. 730 Project (collectively, the "Projects"), Morganti, as contractor, and K-Four, as subcontractor, entered into separate subcontract agreements (hereinafter, the

"Subcontracts") for the performance of various scopes of work, each of which generally pertained to the provision of general construction labor (hereinafter the "Work") to the Projects.

15.     Among other provisions, the Subcontracts each provide that K-Four "shall pay all pension, welfare, vacation, annuity and other union benefit contributions under or in connection with labor agreements with respect to all persons, by whosoever employed, engaged in the Work to be performed and furnished under this Agreement."

16.     The Subcontracts also provide that (i) K-Four is required to ensure that all of its subcontractors, suppliers and employees are at all times paid amounts due in connection with the Work, and that (ii) K-Four is prohibited from using any payments from Morganti for any purpose other than to satisfy its indebtedness incurred in the performance of the Subcontracts and the Work.

17.     The Subcontracts also provide that K-Four is obligated to immediately reimburse Morganti for any amounts paid by Morganti in connection with K-Four's failure to make payments to its subcontractors, suppliers, employees, including all union benefit contributions.

18.     The Subcontracts further provide that K-Four is obligated to defend and hold Morganti harmless from all claims related to its indebtedness to its subcontractors, suppliers, employees, including union benefit contributions and any and all claims related to New York's Labor Law.

19.     To be entitled to progress payments for Work performed, each of the Subcontracts requires, as a condition precedent to payment, that K-Four to submit to Morganti on a monthly basis an Application of Payment along with an affidavit which either (i) confirmed that K-Four had, in fact, made all required payments to its subcontractors, suppliers, and employees, including all related union benefit contributions, or else, (ii) specifically identify the amounts it

4

had not paid, but which were nonetheless due and owing by K-Four (hereinafter, the "Payment Affidavit").

20.     As a condition precedent to final payment on the Projects, the Subcontracts also require K-Four to submit to Morganti a Contract Status Sheet and a final payment affidavit (the "Final Payment Affidavit") wherein K-Four was required to represent and warrant to Morganti that it had satisfied all of its indebtedness arising out of the Work, that there were no unresolved issues of any nature, and that all of its subcontractors, suppliers, and employees, including any union benefit contributions, were paid in full.

21.     In connection with each of the Projects, K-Four submitted Payment Affidavits to Morganti in which it represented under oath to Morganti that it had satisfied all applicable union benefit contributions and that no such amounts were due and owing by K-Four.  The Payment Affidavits were signed under oath by Joyce or Tirado.

22.     Morganti relied upon the information furnished by K-Four in the Payment Affidavits when it issued regular progress payments to K-Four on the Projects.

23.     In connection with the P.S. 127, I.S.H.S., and P.S. 730 Projects, K-Four submitted executed Contract Status Sheets and Final Payment Affidavits to Morganti in which it represented under oath to Morganti that it had satisfied all applicable union benefit contributions and that no such amounts were due and owing by K-Four.  The Contract Status Sheets and Final Payment Affidavits were signed under oath by Joyce or Tirado.

24.     Morganti relied upon this information furnished by K-Four when it issued final payment to K-Four on the P.S. 127, I.S.H.S., and P.S. 730 Projects.

25.     Based on the terms and conditions of the Subcontracts and the foregoing representations made by K-Four to Morganti, Morganti has paid out all, or substantially all, of the funds due and owing to K-Four under the Subcontracts on the Projects.

26.     In total, Morganti has paid K-Four over $7.8 million on the Projects based on K-Four's representations that it had satisfied all of its indebtedness arising out of its Work, including all union benefit contributions.

27.     Nonetheless, on or about November 11, 2022, Morganti was informed by the Mason Tenders' District Council Welfare Fund (the "Fund") that K-Four failed to pay for its union benefit contributions on the Projects and that there was an amount outstanding to the Fund of approximately $234,000.

**Count One -- Breach of Contract (against K-Four)**

28.     Paragraphs 1-27 above are incorporated as if fully set forth in this Count One.

29.     K-Four has breached the Subcontracts as a result of its failure to pay for all union benefit contributions owed in connection with its Work on the Projects.

30.     Morganti has and will continue to suffer damages as a result of K-Four's breaches of the Subcontracts.

**Count Two -- Indemnification (against K-Four)**

31.     Paragraphs 1-30 above are incorporated as if fully set forth in this Count Two.

32.     In accordance with the Subcontracts, K-Four agreed to hold harmless, indemnify, and reimburse Morganti from all claims related to its indebtedness to subcontractors, suppliers, and employees, including all union benefit contributions.

33.     K-Four has failed and refused to honor its obligations and Morganti is entitled to indemnity for all claims and losses related to K-Four's failure to satisfy its indebtedness to third parties, including the Fund.

**Count Three -- Negligent Misrepresentation (against K-Four, Joyce, and Tirado)**

34.     Paragraphs 1-33 above are incorporated as if fully set forth in this Count Three.

35.     During the course of each of the Projects, K-Four, through Joyce and Tirado, represented to Morganti that K-Four had in fact satisfied its indebtedness to all third parties, including the Fund.

36.     Morganti relied upon these representations when it issued payments to K-Four in connection with all of the Projects.

37.     K-Four's representations to Morganti were false, and K-Four, acting through Joyce and Tirado, knew or should have known that these representations were false at the time they were made.

38.     As a result of the negligent misrepresentations of K-Four, Joyce, and Tirado, Morganti has suffered and will continue to suffer damages.

**Count Four -- Fraud (against K-Four, Joyce, and Tirado)**

39.     Paragraphs 1-38 above are incorporated as if fully set forth in this Count Four.

40.     Upon information and belief, the foregoing misrepresentations of K-Four, Joyce, and Tirado were knowingly false and intended to purposely mislead Morganti into issuing payments to K-Four, notwithstanding its breaches of the Subcontracts and the fact that it actually owed the Fund significant amounts for union benefit contributions.

41.     Morganti relied on these fraudulent representations when Morganti issued payment to K-Four.

42.     As a result of the fraudulent representations of K-Four, Joyce, and Tirado, Morganti has suffered and will continue to suffer damages.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, The Morganti Group, Inc. prays for relief as follows:

1.     On Count One of the Complaint, Morganti demands judgment against K-Four in an amount to be proven at trial, compensatory damages and all other damages provided for by law, together with prejudgment and postjudgment interest, costs of suit, attorneys' fees and such other relief as may be deemed just and proper;

2.     On Count Two of the Complaint, Morganti demands a declaratory judgment that K-Four is obligated to indemnify Morganti for all unpaid union benefit contributions arising out of K-Four's Work on the Projects;

3.     On Count Three of the Complaint, Morganti demands judgment against K-Four, Joyce, and Tirado in an amount to be proven at trial, compensatory damages and all other damages provided for by law, together with prejudgment and postjudgment interest, costs of suit, attorneys' fees and such other relief as may be deemed just and proper; and

4.     On Count Four of the Complaint, Morganti demands judgment against K-Four, Joyce, and Tirado in an amount to be proven at trial, compensatory and punitive damages and all other damages provided for by law, together with prejudgment and postjudgment interest, costs of suit, attorneys' fees and such other relief as may be deemed just and proper.

[REMAINDER OF PAGE BLANK]

PLAINTIFF:

THE MORGANTI GROUP, INC.

Dated: November 16, 2022          By:     */s/ Michael R. Morano*
                                          Michael R. Morano, 5060447
                                          **MCELROY, DEUTSCH, MULVANEY**
                                          **& CARPENTER LLP**
                                          225 Liberty Street
                                          36th Floor
                                          New York, NY 10281
                                          Phone: 212-483-9490
                                          Fax: 212-483-9129
                                          mmorano@mdmc-law.com

                                          and

                                  By:     */s/ Rory M. Farrell*
                                          Rory M. Farrell
                                          **MCELROY, DEUTSCH, MULVANEY**
                                          **& CARPENTER LLP**
                                          One State Street, 14th Floor
                                          Hartford, CT 06103
                                          Phone: 860-522-5175
                                          Fax: 860-522-2796
                                          rfarrell@mdmc-law.com
                                          *Application for Admission Forthcoming